IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ESTATE OF SHAWN ANTHONY OLIVEIRA by CHERYL COLE, Personal Representative**

        Plaintiff,

   v.

**UNITED STATES OF AMERICA**

        Defendant.
_____

Civ. No. 6:10-cv-06124-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

      Defendant's counsel James E. Cox, Jr., Assistant United States Attorney, filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a), and the matter is now before this court [#65]. In addition to the submission of multiple briefs from both parties, oral arguments were heard on the motion by this court on July 24, 2013. For the following reasons defendant's motion for partial summary judgment is **DENIED**.

1 – OPINION AND ORDER

# **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Cheryl Oliveira Cole (Cole), the personal representative of her deceased husband Shawn A. Oliveira's (Oliveira) estate, brought this action seeking $20 million in damages from the defendant United State of America (USA), based on claims for alleged personal injuries, including wrongful death and medical malpractice, under 28 U.S.C. Section 1346(b), Federal Tort Claims Act, Section 2675(a), and ORS Section 30.020. Cole claims that on or about May 25, 2008, Oliveira died as a proximate result of the negligence of defendant USA, through the Roseburg Veterans Affairs Medical Center (RVAMC) and their staff, who had been treating Oliveira since on or about June 2000, as alleged in the plaintiff's Second Amended and Redacted Complaint [#20].

On behalf of herself as the decedent's surviving spouse and their 4 surviving children, Cole filed an Administrative Tort Claim for Injury (Standard Form 95) to the Department of Veteran Affairs in Portland, Oregon, on or about November 9, 2009, seeking $100 million in damages from the defendants for these same underlying claims [#20 and #1]. When no administrative disposition had been made after 180 days, Cole filed this action in US District Court on or about May 21, 2010, pursuant to the Federal Tort Claims Act's administrative rules. Defendant previously filed a motion to dismiss for lack of subject matter jurisdiction on March 1, 2012 [#28]. This motion was denied by Judge Hogan on October 26, 2012 [#60].

Defendant now moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a), taking the position that any claims predicated on events that occurred more than five years prior to May 2010 should be barred by Oregon's five year statute of repose. Defendant also argues that the employment status of certain RVAMC medical providers was that of a contractor as opposed to an employee, which would bar claims against them. [#66].

2 – OPINION AND ORDER

## **STANDARD OF REVIEW**

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonably jury could return a verdict for the nonmoving party." *Rivera v. Phillip Morris, Inc.,* 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the nonmoving party. *Miller v. Glenn Miller Prods., Inc*., 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Comartie*, 526 U.S. 541, 552 (1999)).

If the moving party meets its burden by showing that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586-87 (1986) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* Fed. R. Civ. P (56)(c).

## **DISCUSSION**

### I.     **Application of the Oregon Statute of Ultimate Repose:**

The defendant contends that they (USA) cannot be held liable for any acts or omissions alleged to have occurred *prior* to May 21, 2005 because the State of Oregon's five year statute of ultimate repose in ORS 12.110(4) applies to the plaintiff's FTCA claim. [#66].

The plaintiff argues that the Oregon statute is not controlling because it is preempted by federal law via the FTCA. The foundation of the plaintiff's preemption argument is the Supremacy Clause of the U.S. Constitution, found in Article VI, Section 2, which says, "This Constitution, and the laws of the United States which shall be made in pursuance thereof… shall be the supreme law of the land; and judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding." The plaintiff goes on to cite numerous case law in their briefs [#82, 95], including seminal decisions on preemption such as *Gibbons v. Ogden*, which clearly states that, "where a state law conflicts with federal law, the state law cannot be applied." *Gibbons v. Ogden, 22 US 1, at 210 (1824).*

Although presented with strong and meticulous arguments by defense counsel in this matter, this court agrees with the plaintiff in that the FTCA is governed by federal law and thus preempts the Oregon Statute of Repose and any other state law in conflict with it. To find otherwise would subvert the will and intent of Congress. As Judge Kobayashi warned in *Mamea*, if the court were to allow state law to trump federal law, "this would allow each state to define the federal courts' subject matter jurisdiction by adopting statutes of repose… which would divest the federal courts of jurisdiction over some claims that Congress has authorized under the FTCA." *Mamea, etl al v. USA 2011 WL 4371712 (D. Hawai'i).* The *Mamea* court goes on to say, quoting from *Begay v. Kerr-McGee Corp*, "State law may not control or limit the diversity jurisdiction of the federal courts. The District Court's diversity jurisdiction is a creature of federal law under Article III and 28 USC Section 1332(a). Pursuant to the supremacy clause, section 1332(a) preempts any contrary state law." *Begay v. Kerr-McGee Corp., 682 F.2d (9th Cir. 1982).*

The defense also argues that there is no direct conflict between the applicable state and federal laws in this case, and thus there are no conflict preemption issues to address [#92]. This court disagrees. There is a very simply and fundamental conflict in this case; if this claim were governed only by state law, it would be precluded by the Statute of Ultimate Repose and Statute of Limitations. Whereas under federal law and the FTCA, it is not. Thus, a conflict does exist.

Admittedly, the jurisprudence and case law in this area is unsettled. As the both parties concede, there is no controlling 9th Circuit authority directly on point. However, it seems to this court that the trend (at least in the 9th Circuit) leans towards the view expressed in *Poindexter,* wherein the court blurred the distinction between statutes of limitations and statutes of repose and held that it was Congress' intent to allow federal courts to hear FTCA lawsuits that would otherwise be barred by state statutes of limitations. *Poindexter, 647 F.2d 34 (9th Cir. 1981).* More recent 9th Circuit cases such as *Abila 2011 WL 3444166 (D. Nev. 2011)* and *Mamea WL 4371712 (D. Haw. 2011)*, while not controlling, also seem to follow *Poindexter* and do not distinguish between statutes of limitations and statutes of repose when in conflict with the FTCA, instead defining them together under the term "***periods*** of limitation." Under this definition, the *Poindexter* court concluded that, "it is well established that the statute of limitations in the FTCA, 28 U.S.C. Section 2401, governs in FTCA actions, even when the state period of limitations is longer or shorter." *Poindexter, 647 F.2d 34 (9th Cir. 1981).*

It is true that Congress did intend to allow some aspects of FTCA claims to be governed by applicable state laws. However, this court does not agree with the defendant's assertion that state statutes of ultimate repose were among them. It is pure conjecture, but this court can't help but speculate that if Congress intended to include a statute of ultimate *repose* for FTCA claims, it

5 – OPINION AND ORDER

would have either specifically established one in the act itself, or expressly asserted that state statutes of repose would be applicable to it. Statutes of limitation and statutes of repose are not new concepts. To assume that Congress has not contemplated this issue since the act's enactment in 1946 and its subsequent major amendments in 1974 and 1988 seems incongruous. Instead, Congress created a specific statute of limitations and administrative procedures for the FTCA in 28 U.S.C. Section 2401(b), which this court interprets to have been the *only* time periods/limitations Congress intended to be applicable to the act. For these reasons, it seems apparent to this court that just as an FTCA lawsuit becomes a plaintiff's *exclusive* remedy once it is filed, the statute of limitation within the act should also be viewed as exclusive and preemptive of state law.

### II.     The Substantive or Procedural Nature of Statutes of Repose:

Defendant argues that state statues of repose are substantive devices as opposed to procedural. Because this court has decided that the FTCA preempts the Oregon statute of ultimate repose, this issue is moot.

### III.    The Tolling Provision in the Oregon Statute of Ultimate Repose:

The defendant argues that the misleading representations alleged by the plaintiff cannot toll the Oregon statute of ultimate repose because they are contemporaneous representations that go to the gravamen of the complaint. [#66]. Because this court has decided that the FTCA preempts the Oregon statute of ultimate repose, this issue is also moot.

6 – OPINION AND ORDER

### IV.      Employment Status of Dr. Spinella and Nurse Practitioner Wolman:

The defendant contends that under the FTCA and precedent case law, the government cannot be held liable for any negligent acts or omissions of two specific RVAMC care providers (Dr. Spinella and Nurse Practitioner Wolman) because their employment statuses were that of *contractors* as opposed to actual *employees* or agents of the government during the relevant time periods in this case. [#66].

This portrayal of Dr. Spinella and Nurse Practitioner Wolman's employment status is disputed by the plaintiff, who argues that these two individuals may have in fact been employees or agents of the government during the relevant time periods, and that there is still some missing documentation in regards to their hiring contracts, which may be found in further discovery. [#82]. The plaintiff also argues that even if these two individual providers were considered independent contractors, that their claim would survive based on negligent supervision of these providers by RVAMC employees, who according to the plaintiff, "had access to and obligation for review and monitoring of all providers." *Id.*

The record thus far lacks a degree certainly for this court to be able to render a clear determination of the employment status of Dr. Spinella and Nurse Practitioner Wolman.  Viewed in the light most favorable to the plaintiff, a reasonable juror could find that Dr. Spinella and Nurse Practitioner Wolman were employees or agents of the government, and/or that RVAMC employees had a duty to supervise their work.  Although this case would be heard as a bench trial, based on the record and arguments provided to the court thus far, the determination of Dr. Spinella and Nurse Practitioner Wolman's employment status cannot be clearly determined because it is still a disputed question of material *fact*, which would need to be borne out during a trial.  For these reasons, this aspect of the defendant's argument in this motion is also denied.

7 – OPINION AND ORDER

## CONCLUSION

For these reasons, the Defendant's Motion for Partial Summary Judgment is **DENIED**.

IT IS SO ORDERED.


DATED this 6th day of August, 2013.


                              _____
                                   **Michael J. McShane**
                               **United States District Judge**


8 – OPINION AND ORDER